UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESORO CORPORATION,
et al.,

        Plaintiffs,

        v.

CHARTIS SPECIALTY INSURANCE COMPANY,

        Defendant.
_____/

No. C 11-5718 PJH

**ORDER GRANTING MOTION TO TRANSFER AND VACATING HEARING DATE**

        Before the court are defendant Chartis Specialty Insurance Company's ("Chartis" or "defendant") motions to dismiss, transfer, or stay the instant action pursuant to the first-to-file rule, and to dismiss claims under Federal Rule of Procedure 12(b)(6).  Because the court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78, the court hereby VACATES the March 7, 2012 hearing date, and rules that the present action must be transferred to the Western District of Texas pursuant to the first-to-file rule.

        The instant action was filed by plaintiffs Tesoro Corporation ("Tesoro") and Tesoro Refining and Marketing Co. ("TRM")(collectively "plaintiffs") on November 29, 2011.  A first amended complaint ("FAC") was filed on January 4, 2011.  Plaintiffs allege claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief, all of which arise out of defendant's allegedly wrongful denial of insurance coverage to plaintiffs for the costs of environmental investigations and clean-up at a refinery located in Contra Costa County, California.  See FAC, ¶ 1.  Just three weeks prior to the filing of this action, on November 7, 2011, defendant filed a declaratory

judgment action in federal district court for the Western District of Texas ("Texas action"). The parties do not dispute that the subject of the Texas action's request for declaratory relief – i.e., the proper interpretation to be given a $50 million self-insured retention ("SIR") provision contained within the policy at issue between the parties – is also the subject of the instant FAC.

In determining whether to apply the first-to-file rule, a court must consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. See Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 622 (9th Cir. 1991). In certain circumstances – including bad faith, anticipatory suit, and forum shopping – a court may declined to apply the first-to-file rule. Id. at 628 (internal citations omitted). Another exception to the first-to-file rule arises when "the balance of convenience weighs in favor of the later-filed action." See Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994); Genentech, Inc. v. GlaxoSmithKline LLC, 2010 WL 4923594, at *2 (N.D. Cal., Dec. 1, 2010) (latter exception analogous to the "convenience of parties and witnesses" under a transfer of venue motion, 28 U.S.C. § 1404(a)). However, it is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule. See Alltrade Inc., 946 F.2d at 628.

Here, the Texas action was filed three weeks before the present action was filed in this court. The parties are substantially similar, since both Chartis and Tesoro are parties to both actions (and the additional inclusion of TRM in the present action is not of material impact). Moreover, the parties do not dispute that they seek declaratory relief with respect to the SIR provision of the underlying policy, in both actions. Although, as plaintiffs contend, the instant action is broader than the Texas action, since it also alleges

1  contractual claims that are lacking in the Texas action, plaintiffs do not dispute that those
2  contractual claims can just as easily be asserted (indeed, or that plaintiffs may be required
3  to assert them) in the Texas action.  Thus, the court concludes that all the elements for
4  application of the first-to-file rule have been satisfied.

5        Plaintiffs, who do not dispute this conclusion per se, argue that various exceptions to
6  the first-to-file rule are applicable here.  Namely, they contend that the Texas action was
7  brought in bad faith, constitutes evidence of forum shopping, and is at any rate filed in a
8  less convenient forum, on balance, than the present one.  The court is not persuaded,
9  however, that a conclusion of bad faith may be drawn, based upon the strength of evidence
10 here submitted.  While plaintiffs contend that defendant improperly lulled plaintiffs into
11 settlement-type negotiations and pursued those negotiations while simultaneously
12 preparing to file the Texas action as a sort of "ambush," plaintiffs do not dispute that prior to
13 the filing of the Texas action, the parties had engaged in multiple meetings at which cost
14 issues and coverage issues had been discussed, nor do they dispute that the parties did, in
15 fact, disagree with respect to interpretation of the SIR provision in dispute.  Indeed,
16 plaintiffs cannot possibly disagree that an actual "impasse" between the parties existed, in
17 view of the fact that they themselves have sought the same declaratory relief regarding the
18 SIR provision in question, as that alleged in the Texas action.

19       In short, regardless whether the last meeting scheduled by the parties was in fact
20 abandoned by Chartis in view of the imminent filing of the Texas action (a contention which
21 is suggested rather than proved by plaintiffs), the court does not find that such a fact,
22 standing alone, is sufficient to support the conclusion that the Texas action was filed in bad
23 faith.  Nor is the court convinced that evidence of forum shopping is present, considering
24 the fact that plaintiffs' own headquarters are located in the very forum about which it
25 complains here.

26       Insofar as plaintiffs contend that the balance of convenience factors should
27 nonetheless weigh in favor of a departure from application of the first-to-file rule, the court
28

finds that this determination should be made by the Texas court, in accordance with the above-stated authority.

In sum, and for all the foregoing reasons, the court hereby GRANTS defendant's motion to transfer the instant action to the Western District of Texas, pursuant to the first-to-file rule. The court declines, in view of this ruling, to rule upon defendant's corresponding motion to dismiss for failure to state a claim. That motion, too, should be decided by the appropriate transferee court.

**IT IS SO ORDERED**.

Dated: March 2, 2012

PHYLLIS J. HAMILTON
United States District Judge